12-3817-cv
Harding v. Wachovia Capital Mkts., LLC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of September, two thousand thirteen.

PRESENT: REENA RAGGI,
  GERARD E. LYNCH,
  RAYMOND J. LOHIER, JR.,
  *Circuit Judges*.

-----------------------------------------------------------------------

CALVIN HARDING,

*Plaintiff-Appellant*,

v.                                                        No. 12-3817-cv

WACHOVIA CAPITAL MARKETS, LLC, WELLS FARGO SECURITIES LLC, RICHARD SILVA, RICHARD SANDULLI,

*Defendants-Appellees*.

-----------------------------------------------------------------------

APPEARING FOR APPELLANT:        JASON SOLOTAROFF, Giskan Solotaroff Anderson & Stewart LLP, New York, New York.

APPEARING FOR APPELLEES:        KENNETH J. TURNBULL (Anna Kolontyrsky, *on the brief*), Morgan, Lewis & Bockius LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (J. Paul Oetken, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 21, 2012, is AFFIRMED.

Plaintiff Calvin Harding appeals from an award of summary judgment to defendants Wachovia Capital Markets, LLC; Wells Fargo Securities LLC; Richard Silva; and Richard Sandulli on Harding's federal and state claims of race discrimination in promotion. See 42 U.S.C. § 1981; N.Y.C. Admin. Code § 8-107.[1] We review an award of summary judgment de novo, resolving all ambiguities and drawing all inferences in favor of the nonmovant, and we will affirm only if the record reveals no genuine dispute of material fact. See Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986); Nagle v. Marron, 663 F.3d 100, 104–05 (2d Cir. 2011). We assume the parties' familiarity with the underlying facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

We analyze § 1981 race discrimination claims under the familiar burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). See Williams v. R.H. Donnelley, Corp., 368 F.3d 123, 126 (2d Cir. 2004) (Sotomayor, J.). Assuming arguendo that Harding has carried his initial prima facie burden as to the challenged hirings and promotions, including that of Emily Charette, we conclude that the

---

[1] Harding only alludes in passing to his state claim under the New York City Human Rights Law and fails to articulate any way in which his case would fare differently under state than under federal law. Since Harding has failed to argue the point, we consider the claim abandoned, see Schwapp v. Town of Avon, 118 F.3d 106, 112 (2d Cir. 1997), and thus need not consider the district court's failure to analyze the state and federal claims separately, see Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 102 (2d Cir. 2013).

2

district court properly held that he nevertheless failed to adduce evidence sufficient to permit a reasonable trier of fact to find that defendants' nondiscriminatory reasons for the challenged employment decisions were a pretext for race discrimination.

In urging otherwise, Harding submits that pretext can be inferred from inconsistencies in defendants' hiring decisions, their failure to follow their own hiring practices, and the lack of contemporaneous evidence supporting their hiring choices.

As to the first, Harding asserts that although defendants now contend that they hired or promoted persons with "specific skill sets" for the positions they were seeking to fill, Appellant's Br. 24, they had earlier indicated that they wanted to staff the front desk with people who had middle-office backgrounds, which he possessed, see id. at 24–25. In support, Harding points to deposition testimony of Richard Silva in an unrelated matter, in which Silva, explaining the hiring of Dana Barta, stated that defendants "needed to put more of a middle-office process around the operations and execution of [front-office] business." Sept. 22, 2010 Silva Dep. Tr. 96:23–25, J.A. 254. In that same deposition, however, Silva also stated that Barta "had CDO experience and kind of fixed income structured securitization experience," which "would be very relevant to where we were trying to go with that business." Id. at 94:19–23, J.A. 254. These statements were consistent with Silva's 2011 testimony in this action, where he had explained that Barta had direct experience working "for JPMorgan in the CDO group. She had been through the rating agency process . . . [and] held herself out to understand the rating agency methodologies, the principles, how they look at assets and rate securities." Sept. 1, 2011

3

Silva Dep. Tr. 92:14–20, J.A. 444; see also id. at 93:5–7, J.A. 445 (reporting that employee thought Barta "would be a perfect fit, because of her skill set, with what he was trying to do"). Thus, the record reveals no inconsistency with respect to Barta's hire that would permit a finding of pretext. Cf. Carlton v. Mystic Transp., Inc., 202 F.3d 129, 137 (2d Cir. 2000) (concluding that plaintiff demonstrated pretext because proffered reasons for dismissal in current suit directly contradicted previously stated reasons); EEOC v. Ethan Allen, Inc., 44 F.3d 116, 120 (2d Cir. 1994) (holding that shifting explanations developed over time to counter evidence of age discrimination uncovered in state investigation could support inference of discrimination).

The same conclusion obtains with respect to Christina Petrou's promotion. Harding asserts that Richard Sandulli testified that Petrou "was hired because of her legal background to assist Mr. Threadgill with legal work," when, in fact, she did not do legal work with Threadgill or otherwise. Appellant's Br. 27. In fact, Sandulli testified that Threadgill had expressed a need for someone with Petrou's background and wanted "somebody else to do . . . the routine kind of paralegal type work" that Threadgill needed. Sandulli Dep. Tr. 56:20–24, J.A. 268. These statements are not inconsistent with Threadgill's deposition testimony in this case that Petrou was hired to support him and with Silva's testimony that Petrou was hired to work in Threadgill's group. Record evidence further indicates that Petrou was hired for her background in both compliance and legal, and was expected to "interfac[e] with the compliance and legal process[es]," Sept. 1, 2011 Silva Dep. Tr. 82:10–12, J.A. 242, which related to one another. Thus, the record

4

supports, rather than contradicts, defendants' assertions that Petrou's special skills informed her hire, precluding an inference of pretext.

Insofar as Harding conclusorily asserts that pretext may be inferred from defendants' failure to follow normal hiring practices "where a minority employee is involved," Appellant's Br. 25, he fails to explain what normal practices he is referring to and how defendants deviated from them in his case and, indeed, admits that defendants' "hiring process was extremely informal and fluid," id. at 11. In the absence of any supporting evidence, Harding cannot demonstrate pretext by claiming deviation from normal practices. Cf. Stern v. Trs. of Columbia Univ., 131 F.3d 305, 312–13 (2d Cir. 1997) (holding that evidence of defendant's substantial deviation from ingrained normal hiring procedure demonstrated pretext).

Where the plaintiff fails to adduce evidence of discrimination, pretext or an inference of discrimination cannot arise from defendants' mere failure to produce contemporaneous evidence supporting their proffered reasons for the challenged hiring decisions. Such an inference may be drawn where a defendant's proffered reason for a challenged employment action is contradicted by other evidence. See, e.g., Carlton v. Mystic Transp., Inc., 202 F.3d at 137 (observing that purported non-discriminatory reason "appear[ed] questionable" in light of contrary contemporaneous justification for termination); Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 34, 39 (2d Cir. 1994) (stating that factfinder could infer pretext from lack of contemporaneous evidence of poor performance in light of objective evidence of strong performance). But here, no record

5

evidence contradicts defendants' assertion that the employees they hired for the front desk were the best candidates for the job. Nor is there any reason to conclude that defendants' proffered nondiscriminatory, legitimate reason was "so lacking in merit" as to constitute "a reason manufactured to avoid liability." Dister v. Cont'l Grp., Inc., 859 F.2d 1108, 1116 (2d Cir. 1988).[2]

Nor did Harding adduce any other evidence indicating that defendants' hiring decisions were animated by racial bias. See Garcia v. Hartford Police Dep't, 706 F.3d 120, 129 (2d Cir. 2013) (requiring plaintiff "to point to evidence suggesting that discriminatory animus was motivating factor" (emphasis in original)). Even crediting Harding's assertion that he possessed technical skills and product knowledge superior to Petrou's and Murphy's, the record raises questions about his sales qualities. Meanwhile, it indicates that Charette excelled in this respect, and that other hires had particular skill sets that defendants valued: Barta in securitization, Petrou in compliance, and Murphy in accounting. Harding may disagree with defendants' decision to value these skills, but to support an inference of race discrimination he was obliged to adduce evidence that his own qualifications were "so superior" to those of Charette, Petrou, Barta, and Murphy that no

---

[2] Hamilton v. Geithner, 666 F.3d 1344 (D.C. Cir. 2012), relied on by Harding, is not to the contrary. Although the court there held that the lack of contemporaneous evidence "could lead a reasonable jury to doubt the [employer's] explanation" for the failure to promote the plaintiff, id. at 1356 (emphasis in original), the court based this conclusion on the fact that (1) the plaintiff was "significantly better qualified" than the person ultimately promoted, id. at 1355, and (2) the lack of evidence contravened the employer's own requirement of "documentation of a promotion action sufficient for a reviewer to reconstruct the action in its entirety," id. at 1356 (internal quotation marks omitted). Such considerations are not present here.

reasonable employer, "in the exercise of impartial judgment, could have chosen [them] over the plaintiff for the job[s] in question."  Byrnie v. Town of Cromwell, 243 F.3d 93, 103 (2d Cir. 2001) (internal quotation marks omitted).   The record does not admit such a conclusion.

In sum, we conclude, as the district court did, that Harding failed to carry his burden of demonstrating that defendants' non-discriminatory reason for not promoting him was pretextual, or that the real reason he was not promoted was racial bias.   We have considered Harding's remaining arguments and conclude that they are without merit.   The judgment of the district court is therefore AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

7