21-2014-cv
Spires v. MetLife Group, Inc., and Rayvid

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of January, two thousand twenty-three.

PRESENT:
> JOHN M. WALKER, JR.,
> REENA RAGGI,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

TONY SPIRES,

*Plaintiff-Appellant*,

v.                                                                                     21-2014

METLIFE GROUP, INC. AND
DOUGLAS RAYVID, INDIVIDUALLY,

*Defendants-Appellees,*

RICARDO ANZALDUA, INDIVIDUALLY,
TOM LUCKEY, INDIVIDUALLY,

*Defendants.*

_____

FOR PLAINTIFF-APPELLANT:                    Stephen Bergstein, Bergstein & Ullrich, New
                                                                     Paltz, NY.

**FOR DEFENDANTS-APPELLEES:**     Christopher A. Parlo, Ashley J. Hale, Hanna E. Martin, Morgan, Lewis & Bockius LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Ronnie Abrams, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 10, 2021 judgment of the district court is **AFFIRMED**.

From 2014 to 2016, Plaintiff-Appellant Tony Spires, who is African American, worked as a Lead Data Privacy Consultant in the Corporate Privacy Office of MetLife Group, Inc. ("MetLife"). Spires reported to the Chief Privacy Officer ("CPO"), Joseph Trovato. When Trovato retired in 2016, Jonathan Corbett was promoted to CPO, not Spires. Corbett, who is white, was a director in MetLife's Global Anti-Corruption Unit. Spires alleges that he was denied the promotion because of his race. In relevant part, he sued MetLife and MetLife's Chief Compliance Officer, Douglas Rayvid (together, "Defendants") under Title VII, 42 U.S.C. § 2000e *et seq.*; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107. The district court granted summary judgment in favor of Defendants. Spires appeals the district court's decision only with respect to his NYCHRL claim. We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

"We review a district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the party opposing summary judgment and drawing all reasonable inferences in her favor." *Guan v. City of New York*, 37 F.4th 797, 804 (2d Cir. 2022). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

2

"We may affirm summary judgment on any ground supported by the record[.]" *McElwee v. Cnty. of Orange*, 700 F.3d 635, 640 (2d Cir. 2012).

"[C]ourts must analyze NYCHRL claims separately and independently from any federal and state law claims, construing the NYCHRL's provisions broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013) (cleaned up). NYCHRL claims are first analyzed under the familiar *McDonnell Douglas* burden-shifting framework: "the plaintiff must establish a prima facie case [of discrimination], and the defendant then has the opportunity to offer legitimate reasons for its actions." *Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 75–76 (2d Cir. 2015). After the defendant offers such reasons, the plaintiff "may defeat summary judgment by coming forward either with evidence that the defendant's stated reasons were a pretext for discrimination or with evidence that discrimination was one of the motivating factors for the defendant's conduct." *Ellison v. Chartis Claims, Inc.*, 178 A.D.3d 665, 668 (2d Dep't 2019). Under the NYCHRL, "unlawful discrimination must play no role in an employment decision." *Id.* (cleaned up); *see also Bilitch v. New York City Health & Hosps. Corp.*, 194 A.D.3d 999, 1002 (2d Dep't 2021) (explaining that NYCHRL claims "must be analyzed under both the familiar framework of *McDonnell Douglas* . . . and under the newer mixed motive framework" (cleaned up)).

Even assuming that Spires made a *prima facie* showing of discrimination, the district court correctly found that Spires failed to show that any of Defendants' proffered nondiscriminatory reasons for promoting Corbett instead of Spires was pretextual; nor did Spires come forward with any evidence that discrimination played a role in Defendants' decision.

3

Defendants offer two nondiscriminatory reasons for promoting Corbett and not Spires. First, MetLife preferred to hire someone from outside the Corporate Privacy Office because it had been designated as a Significantly Important Financial Institution in late 2014 and became subject to oversight by the Federal Reserve. Defendants assert that senior management had concerns that, under Trovato's leadership, the Corporate Privacy Office was not "Fed Ready"—*i.e.,* able to comply with federal regulations and satisfy regulators' expectations during examinations—and so wanted dramatically to change how the Office functioned. They thus sought to replace Trovato with someone outside of the Corporate Privacy Office, like Corbett, rather than to promote someone from within the Office, like Spires. Second, Defendants argue that senior management at MetLife believed Corbett was more qualified for the position. Spires cannot show that either of Defendants' stated reasons was pretextual.

First, Spires argues that "[t]he jury may determine that, under Trovato's supervision, Plaintiff's office was 'fed-ready' in 2015." Appellant's Br. at 24. But even if this were true, such a determination would not undermine Defendants' assertion that senior management had genuine concerns about the state of the Corporate Privacy Office under Trovato and thus sought to promote someone outside of the Office. *See Forrest v. Jewish Guild for the Blind*, 819 N.E.2d 998, 1008 n.5 (N.Y. 2004) ("Of course, it matters not whether the [employer's] stated reason for terminating plaintiff was a good reason, a bad reason, or a petty one. What matters is that the [employer's] stated reason for terminating plaintiff was nondiscriminatory."). These concerns are evidenced by undisputed facts in the record including deposition testimony from MetLife's senior management, Trovato's "unsatisfactory" rating in 2015 (the lowest rating at MetLife), and his early retirement soon after. In addition, Spires admits that he had a close relationship to Trovato, acting as Trovato's "right hand man." J. App'x 355.

Spires points to Trovato's 2015 evaluation in which the goal entitled "Ensure our Compliance Program is 'Fed-Ready'" is marked "Completed." According to Spires, this evaluation shows that Rayvid was not actually concerned with Trovato's ability to comply with federal regulations. But the evidence in the record indicates that Rayvid's only role in completing the evaluation was determining that Trovato would receive an "unsatisfactory" rating for the year. All but one of the goals listed on the evaluation—17 of 18—were marked "completed" by Rayvid's Chief of Staff, Anthony Pellechio, when Pellechio was asked to submit the unsatisfactory rating electronically, without any further direction from Rayvid. Spires's naked assertion that the jury may reject this evidence cannot defeat summary judgment.

Second, Spires argues that the jury could find that he was more qualified than Corbett for the CPO position because Spires had a background in privacy and information security and experience working in the Corporate Privacy Office. Setting aside the fact that MetLife wanted a change from the prior leadership, Corbett also had numerous objective qualifications that Spires lacked. For example, Corbett had experience leading the overhaul of the Anti-Corruption and Anti-Money Laundering Units at MetLife and overseeing employees within a MetLife compliance program. Corbett received the highest performance rating (awarded to only 10% of MetLife employees each year) for three straight years from 2014 to 2016; Spires never received this rating during his employment at MetLife. Corbett had also been at MetLife two years longer than Spires and had a law degree (the same educational background as the two prior CPOs). Absent any other evidence of discrimination, we will not second-guess Defendants' decision about which candidate was better qualified. *See Melman v. Montefiore Med. Ctr.*, 98 A.D.3d 107, 121 (1st Dep't 2012) (holding that, under NYCHRL, reviewing court "should not sit as a super-personnel department that reexamines an entity's business decisions" (cleaned up)).

Finally, Spires argues that a jury could find evidence of discrimination based on "irregularities in the hiring process" such as Defendants' failure to post the CPO position publicly and the lack of documentation memorializing the hiring process. But there is no evidence suggesting that these were unusual hiring practices at MetLife, and Spires cannot avoid summary judgment simply by pointing to a lack of such evidence in the record. *See Harding v. Wachovia Cap. Markets, LLC*, 541 F. App'x 9, 12 (2d Cir. 2013) ("In the absence of any supporting evidence, Harding cannot demonstrate pretext by claiming deviation from normal practices.").

In short, Spires has not shown that the decision to promote Corbett was motivated, even in part, by discrimination. As a result, Spires's claims against Rayvid individually also fail.

We have considered the remainder of Spires's arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court